566 July 15, 2026 No. 678

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM CHRISTOPHER DAVIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR16546; A179187

Celia A. Howes, Judge.

Submitted May 13, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Oregon Public Defense Commission, filed the opening brief for appellant. William Christopher Davis filed the reply brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for second-degree robbery, second-degree assault, and third-degree robbery. In three assignments of error, defendant contends that the trial court erred by failing to (1) bring defendant to trial or release him from custody within 60 days of being taken into custody, (2) bring him to trial or release him from custody within 180 days of being taken into custody, and (3) dismiss the charges against him. We conclude that defendant waived his right to have his trial within 60 days of his arrest because his attorney repeatedly agreed to an extension of the trial date and defendant did not object. Accordingly, we affirm.

Because the parties are familiar with the factual and procedural history, we do not set forth a detailed recitation of the undisputed background in this nonprecedential memorandum opinion. Suffice it to say that defendant was arrested in March 2019, and he remained in custody until his no-contest plea in March 2022. On appeal, defendant argues that that three-year delay violated his rights under ORS 136.290, ORS 136.295, and the Oregon and federal Constitutions. The state remonstrates that defendant impliedly waived his argument that the state violated his statutory rights. Moreover, the state maintains that defendant did not elicit a ruling on his constitutional speedy-trial claim, and thus we cannot review it. Although the parties dispute preservation on some of the arguments defendant advances on appeal, we need not resolve the preservation disputes because, even assuming that the arguments are preserved, we reject defendant's contentions on the merits. Accordingly, for the reasons explained below, we affirm.

We review a trial court's conclusion that a defendant waived his speedy trial rights for legal error. *State v. Benner*, 253 Or App 164, 172, 288 P3d 1016 (2012). We are bound by the trial court's findings of fact if they are supported by the record. *State v. Krieger*, 306 Or App 71, 72, 473 P3d 550 (2020), *rev den*, 367 Or 535 (2021).

ORS 136.290 provides, in part:

"(1)   Except as provided in ORS 136.295, a defendant shall not remain in custody pending commencement of the trial of the defendant more than 60 days after the time of arrest unless the trial is continued with the express consent of the defendant. Absent the consent of the defendant or an extension under ORS 136.295, the court shall order that the trial of the defendant commence within 60 days after arrest if the state is prepared to proceed to trial."

ORS 136.295 provides specified exceptions to the 60-day period, including when it is tolled and when it can be extended for "good cause." Moreover, a defendant may waive the 60-day requirement "by remaining silent when counsel agree[s] to a trial date that transgresse[s] it." *State v. Becker*, 178 Or App 602, 609, 37 P3d 252, *rev den*, 334 Or 327 (2002).

On appeal, although it is not clear what ruling he assigns error to as required by ORAP 5.45(3), defendant first argues that the trial court violated his rights under ORS 136.290 and ORS 136.295 by failing to bring him to trial or release him before May 10, 2019, which he contends was the day the 60-day deadline expired. The record, however, supports the trial court's determination that defendant waived the 60-day deadline. First, at a call hearing on May 3, 2019—which was still within 60 days of the arrest—defense counsel asked for a continuance until June 7, 2019, and noted that, because defendant had stipulated that he had violated his probation conditions in another case, there was a "parole hold." The court confirmed with defense counsel, "So the 60 hasn't started?" to which defense counsel responded, "Correct." Defendant remained silent when his counsel agreed that the 60 days had not begun and set the next hearing for June 7.

In the alternative, defendant argues that the 60-day deadline expired on July 1, 2019. However, the court found at a hearing held on June 6, 2019, that the parties stipulated that the 60-day period ended on August 29, 2019. Again, defendant remained silent when defense counsel told the court that the new 60-day period ended on August 29.[1]

---

[1] On August 22, 2019, defendant filed a setover motion and requested a second good-cause extension to extend the deadline to the end of October, which the court granted. Although defendant contends on appeal that the trial court did not

Accordingly, we summarily reject defendant's first assignment of error.

In his second assignment, defendant contends that the 180-day deadline expired on January 6, 2020. At hearings in September and October 2019, defense counsel asked for additional setovers, and the parties and the court discussed that the 60-day period would toll while defendant underwent an evaluation to determine if he was competent to aid and assist in his defense. *See* ORS 136.295(3) (providing that "[a]ny reasonable delay resulting from examination or hearing regarding the defendant's mental condition or competency to stand trial *** shall not be included in the 60-day period"). Defendant remained silent and did not argue that the 60 days had passed.

The aid-and-assist evaluation occurred in December 2019, and defense counsel asked for the next hearing to be on January 9, 2020. After the evaluation was completed, which determined that defendant did not have a qualifying mental disorder, defense counsel requested a setover until January 16, 2020. Defendant remained silent when his counsel asked for those additional setovers and requested hearings after January 6, which is the day on which defendant argues on appeal that the 180-day deadline expired. Finally, on January 13, 2020, the trial court had the following exchange with defendant:

"[THE COURT:]   [Defendant], as I understand it, has agreed to waive 60 days. Is that correct, [defendant]?

"[DEFENDANT]:   (No audible response)

"THE COURT:   [Defendant], we're recording right now and you need to actually answer out loud enough so that it can be picked up.

"[DEFENDANT]:   That's what he said.

"THE COURT   Are you waiving the 60 days, [defendant]?

"[DEFENDANT]:   Yeah."

_____

make sufficient findings of "good cause" to extend the 60-day deadline, we need not address that argument because we conclude that defendant waived his right to a trial within 60 days. *See* ORS 136.290 and ORS 136.295 (providing that a finding of "good cause" and a defendant's consent are alternative ways to extend the 60-day deadline).

(Emphasis omitted.) The court then entered an order memorializing that defendant had agreed on the record to waive the 60-day deadline.

Defendant subsequently filed a *pro se* motion for immediate release on January 27, 2020, asserting that his rights under Article I, section 10, of the Oregon Constitution, the Sixth Amendment to the United States Constitution, and ORS 136.290 and ORS 136.295 were violated because he had been in custody for over 180 days. The trial court denied defendant's motion, reasoning that defendant had waived his rights. Although defendant cited both state and federal constitutional provisions in his motion, he did not advance a constitutional speedy trial argument, and the court did not rule on that issue. Accordingly, to the extent that defendant renews his argument from the motion, we conclude that the trial court did not err in denying defendant's motion because, as described above, there is evidence in the record to support the court's determination that, on January 13, defendant waived his statutory rights on the record.

As the case continued, the parties repeatedly agreed to setting over the case, and a trial date was eventually set for April 11, 2022. On March 15, 2022, defendant moved to dismiss for lack of a speedy trial under Article I, section 10. Defendant, however, entered a conditional no-contest plea to three charges before the court ruled on his speedy trial motion. Therefore, we do not review defendant's constitutional speedy trial arguments on appeal because there is no trial court ruling to review.

In sum, although it is undisputed that defendant was in custody for three years, there is evidence in the record that defendant repeatedly waived his rights by remaining silent during the many hearings where defense counsel and the state agreed to set over the case to dates beyond the 60-day deadline and explicitly waived his rights during the colloquy with the court on January 13. Accordingly, we conclude that the trial court did not err in denying defendant's January 27 motion and thus did not err in failing to release defendant from custody or dismiss the charges against him.

Affirmed.